**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-0163-CV-W-GAF |
| ) | |
| **KANSAS CITY, MISSOURI POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER GRANTING MOTION TO DISMISS

Presently before the Court is Defendants Kansas City, Missouri Police Department ("KCPD"), Detective Darla Harris ("Harris"), Board of Police Commissioners for Kansas City, Missouri's ("the Board") (collectively "Defendants") Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). (Doc. #22). *Pro se* Plaintiff Michael E. McKinzy, Sr. ("Plaintiff") did not file a response to Defendants' Motion. For the following reasons, Defendants' Motion is GRANTED.

## DISCUSSION

**I.     Facts**[1]

The present case arises from the alleged illegal search, arrest, and detention of Plaintiff by Harris. On October 28, 2008, Plaintiff filed the instant action in the United States District Court for the District of Kansas. On January 26, 2009, Defendants filed the pending Motion. (Doc. #22). Four days later, the District of Kansas transferred the case to the Western District of Missouri and stayed deadlines regarding dispositive motions. (Doc. #26). This Court lifted the stay on March 11,

---

[1] All facts are taken from Plaintiff's Complaint unless otherwise noted.

2009 and ordered Plaintiff to file his response to Defendants' Motion within 20 days. (Doc. #33). To date, Plaintiff has not filed a response.

Plaintiff alleges he "was searched, arrested, and jailed by Det. Darla Harris, Gang Squad, without proable [sic] cause nor justification, [he] was not charged with any crime and [he] was leasted [sic] after spending the night in the KCMO jail" on March 5, 2008. Plaintiff does not state any factual allegations regarding KCPD or the Board. He seeks $2,000,000.00 in actual damages for violation of his constitutional rights against unreasonable search and seizure, false arrest, false imprisonment, and violation of his civil rights under 42 U.S.C. § 1983[2] and an additional $2,000,000.00 in punitive damages.

## II.     Standard and Analysis

Fed. R. Civ. P. 12(b)(6)[3] provides that a cause of action may be dismissed for failing to state a claim upon which relief may be granted. When considering a motion to dismiss, the Court treats all well-pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, the Court is not required to accept the pleader's legal conclusions. *Id.* While the Court construes a *pro se* plaintiff's complaint liberally, *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (*citing Haines*, 404 U.S. at 520-21), the *pro se* complaint "'still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (*quoting Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

---

[2]The Court assumes Plaintiff meant to assert his claim under 42 U.S.C. § 1983 even though he noted "Title 28, Section 1983" in his jurisdictional statement. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding *pro se* plaintiffs' pleadings to a less stringent standard than attorney-drafted pleadings).

[3]The Court finds it has proper subject-matter jurisdiction and that the Western District of Missouri is the proper venue and therefore only addresses Defendants' Rule 12(b)(6) argument.

A complaint need not contain detailed factual allegations; however, a plaintiff must provide more than "labels and conclusions" or a "formulaic recitation" of the elements of the cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (U.S. 2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), "no set of facts" language). Factual allegations, when taken as true, must raise more than a speculative right to relief. *Id.* at 1965. However, Plaintiff need only plead enough facts to "nudge[ his] claim across the line from conceivable to plausible." *Id.* at 1974. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he Court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record." *In re K-tel Int'l, Inc. Sec. Litig.,* 300 F.3d 881, 889 (8th Cir. 2002) (internal citations omitted).

"[A] state official is immune from suit in federal court for actions taken in an official capacity." *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 502 (1998) (*citing Smith v. Reeves*, 178 U.S. 436 (1900)). Here, Plaintiff names Harris in her official capacity as a Detective with the Gang Squad of KCPD and asks for relief for actions taken in that capacity. Additionally, Plaintiff fails to assert any factual allegations against KCPD and the Board. Thus, Plaintiff has failed to state a claim for relief and Defendants' Motion to Dismiss is GRANTED.[4]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: April 13, 2009

---

[4] Plaintiff's Motion for Summary Judgment (Doc. #8) is DENIED as MOOT.